Order Filed on July 30, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**NATIONAL REALITY INVESTMENT ADVISORS, LLC,** *et al.*,<br><br>Debtors. | Case No.:  22-14539<br>Chapter:  11<br>Judge:  John K. Sherwood |
| **AIRN LIQUIDATION TRUST CO., LLC,**<br>        Plaintiff,<br>    v.<br>**WIPFLI LLP,**<br>        Defendant. | Adv. Pro. No.:  24-01456 |

**DECISION RE: DEFENDANT'S PARTIAL MOTION TO DISMISS THE AMENDED
<u>COMPLAINT</u>**

**DATED: July 30, 2025**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:   National Realty Investment Advisors, LLC, *et al.*
Case No.: 22-14539; 24-01456
Caption:  **DECISION RE: DEFENDANT'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT**

## INTRODUCTION

In response to the Court's December 13, 2024 decision (the "<u>Decision</u>")[1] dismissing Count II of AIRN Liquidating Trust Co. LLC's ("<u>Plaintiff</u>") adversary complaint alleging that defendant Wipfli LLP ("<u>Wipfli</u>") violated the New Jersey Uniform Securities Act, *N.J.S.A.* 49:3-1 *et seq.* ("<u>NJUSA</u>"), Plaintiff filed an Amended Complaint. [ECF No. 23]. The Decision held that Plaintiff failed to allege facts showing that Wipfli was acting as an agent of National Realty Investment Advisors, LLC, and its affiliates ("<u>NRIA</u>") because it did not effect or attempt to effect the purchase or sale of securities under N.J.S.A. § 49:3-49(b). [ECF No. 19, p. 8-12]. The Court determined that Wipfli's assistance in "rolling" investors into the "Fund" (defined in complaint) did not rise to the level of effecting the sale of securities because "it was the [i]nsiders who caused NRIA to offer and sell membership units in the Fund." [*Id*. at 9]. Citing *Zendell v. Newport Oil Corporation*, 226 N.J. Super. 431, 435 (App. Div. 1988) as support, the Court found that the "NJUSA should only extend to those that directly participate in the sale of securities, and lawyers and accountants are unlikely to fit that definition." [*Id*. at 18]. The Court dismissed Count II but denied Wipfli's motion to dismiss all the other counts. Now, Wipfli has filed a partial motion to dismiss the Amended Complaint, arguing that Count II should be dismissed again for the reasons set forth in the Decision. Additionally, Wipfli argues that Count IX asserting equitable subordination should be dismissed because Wipfli has not filed a proof of claim in this case. [ECF

---

[1] Additional background information about the adversary proceeding and the bankruptcy case generally is provided in the Decision. [ECF No. 19].

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No.: | 22-14539; 24-01456 |
| Caption: | **DECISION RE: DEFENDANT'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT** |

No. 27]. Wipfli and Plaintiff argued the motion on July 15, 2025. The Court denied Wipfli's motion to dismiss Count IX during oral argument.

The Court now decides whether the Plaintiff's Amended Complaint includes allegations of fact that, when accepted as true, plausibly state that Wipfli effected or attempted to effect the sale of securities within the meaning of the NJUSA. [*Id*. at 8-9].

## STANDARD

A motion to dismiss under Federal Rule 12(b)(6) is generally disfavored and will only be granted if, after accepting all well-pled factual allegations as true and viewing them in the light most favorable to the plaintiff, the complaint fails to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must also disregard legal conclusions couched as factual allegations, but it must assume the veracity of all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016).

## PLAINTIFF'S AMENDED COMPLAINT

The additional allegations in the Amended Complaint concerning Wipfli's alleged role in selling securities are that: Wipfli prepared investor K-1 documents and sent them to the investors, thus, Wipfli knew that the investors were relying on their work [¶ 45]; Wipfli employees were told that NRIA's insiders were moving money from one entity to another; Wipfli was aware of NRIA's excessive advertising spending; and Wipfli was aware of multi-million dollar losses [¶ 48]; Wipfli's engagement as NRIA's accountant lent credibility to the Ponzi scheme [¶ 57]; Wipfli

| | |
|---|---|
| Debtor: | National Realty Investment Advisors, LLC, *et al.* |
| Case No.: | 22-14539; 24-01456 |
| Caption: | **DECISION RE: DEFENDANT'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT** |

provided advice to insiders about the operation of NRIA which furthered the fraud, and Wipfli was provided with information regarding rollover investments to the Fund [¶ 67]; Wipfli knowingly assisted with "rolling" investments into the Fund by booking various "rollovers" [¶¶ 69 and 70]; Wipfli decided how the rollovers should be recorded on NRIA's books [¶ 73]; and NRIA's insiders could not have effectuated the "rollover" without Wipfli's assistance [¶ 75]. An email from one of Wipfli's employees stated that NRIA provided them with rollover templates and that Wipfli was responsible for moving the original investors capital into the Fund. [¶ 91].

Importantly, the Amended Complaint states that in order "[t]o incentivize [i]nvestors to roll their investments into the Fund, rather than immediately demand the supposed returns from the Property LLCs [which they were originally invested in], <u>NRIA offered</u> the Property LLC [i]nvestors phantom profit and extraordinary bonuses." [¶ 70] (emphasis added). Wipfli had knowledge of these incentives and "helped facilitate the rollovers." [*Id.*]. Similarly, "[t]he transfer of investments from the Property LLCs to the Fund on the books was performed and effectuated by Wipfli. Each [rollover] of an investor interest into the Fund was the sale of one security, that being the Property LLC, and the purchase of a new security, that being the Fund." [¶ 72].

## ANALYSIS

One of the Plaintiff's main arguments is that Wipfli effected or attempted to effect the sale of securities by preparing and distributing investor K-1s. "K-1s are tax forms that are used for business partnerships to report to the IRS a partner's income, losses, capital gain, dividends, etc., from the partnership for the tax year." *What is Schedule K-1?* Thompson Reuters, Aug. 16, 2023, https://tax.thomsonreuters.com/blog/what-is-schedule-k-1/. The Court does not see any

Case 24-01456-JKS    Doc 34    Filed 07/30/25    Entered 07/30/25 16:02:10    Desc Main
Document      Page 5 of 6

Page 5
Debtor:      National Realty Investment Advisors, LLC, *et al.*
Case No.:    22-14539; 24-01456
Caption:     **DECISION RE: DEFENDANT'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT**

work that Wipfli performed relating to the K-1s as effecting the sale of securities because a security must already be owned by an investor prior to the preparation of a K-1. The Court finds that Plaintiff's assertion in Paragraph 72 that "[e]ach rollover of an investor interest into the Fund was the sale of one security" is a legal conclusion that must be disregarded. *See Connelly*, 809 F.3d at 786–87. Even accepting Plaintiff's legal conclusion in Paragraph 72 that each rollover was the sale of a security under the NJUSA, the Plaintiff readily admits that it was NRIA that was offering and incentivizing investors to roll their investments into the Fund. [ECF No. 23, ¶ 70].

The Amended Complaint alleges that Wipfli "helped facilitate the rollovers," transferred investments "to the Fund on the books," and "knowingly assisted . . . NRIA, and the [i]nsiders with 'rolling' investments into the Fund by booking the various 'rollovers.'" In the Decision, the Court concluded that the original complaint only described "Wipfli's role . . . as booking, recording, and accounting advice with respect to" the rollover of investors' money into the Fund. However, "the [i]nsiders were the ones who rolled the investors' money into the Fund." [ECF No. 19, p. 10]. Nowhere in the Amended Complaint does the Plaintiff allege that Wipfli had direct contact with the investors prior to their investments being rolled over, or that it was Wipfli that incentivized or solicited the rollover. The Court finds that nothing in the Amended Complaint changes this characterization, and the Decision's reasoning applies to the Amended Complaint. Plaintiff has failed to allege facts that plausibly state that Wipfli effected or attempted to effect the sale of securities within the meaning of the NJUSA.

Page 6
Debtor: National Realty Investment Advisors, LLC, *et al.*
Case No.: 22-14539; 24-01456
Caption: **DECISION RE: DEFENDANT'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT**

## CONCLUSION

For the reasons set forth above, Wipfli's motion to dismiss Count II of the Amended Complaint is granted; and denied as to Count IX for the reasons set forth on the record on July 15, 2025.